| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br><br>Court Address:<br>1437 Bannock St.<br>Denver, CO 80202 | DATE FILED: April 1, 2024 4:50 PM<br>FILING ID: F31AFC00C7993<br>CASE NUMBER: 2024CV30724 |
| PLAINTIFF(S):   **HEIDI SCHOENBERGER,**<br><br>v.<br><br>DEFENDANT(S):  **TESLA TRANSPORT, INC., THE ESTATE OF MARLEEN MONCADA** | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff*:<br>Ross S. Iakovakis, #44104<br>**RAMOS LAW**<br>10190 Bannock Street, Suite 200<br>Northglenn, Colorado 80260<br>Phone Number: (303) 733-6353<br>FAX Number: (303) 865-5666<br>E-mail: Ross@RamosLaw.com | Case Number:<br>2024CV30724<br><br>Div: 280 |
| **PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** | |

**COMES NOW,** Plaintiff, Heidi Schoenberger, by and through her attorneys, Ramos Law, and for her causes of action and First Amended Complaint against the Defendants, alleges and states as follows:

## I.     PARTIES

1. At all times relevant, Plaintiff, Heidi Schoenberger ("Plaintiff"), was a resident of the State of Colorado.

2. Upon information and belief, Defendant Tesla Transport, Inc. ("Tesla") is an Illinois corporation with a principal place of business at 11 S370 Jeans Road, Ste. 2, Lemont, IL 60712.  Though Defendant Tesla conducts business in the State of Colorado, it is not registered as a foreign corporation with the Colorado Secretary of State.  Defendant Tesla may be served with

Exhibit 3

Summons through their registered agent, Mihail Rotaru, at 3924 W. Devon Ave., Ste. 204, Lincolnwood, IL 60712-1040.

3. The semi-tractor and trailer owned by Defendant Tesla and material hereto was driven by Ms. Marleen Moncada. Upon information and belief, Ms. Moncada passed away on or about May 17, 2021, in an auto accident unrelated to Plaintiff's causes of actions herein.

4. At all times relevant, Marleen Moncada (hereinafter, "Ms. Moncada") was an Oklahoma resident whose actions and omissions occurred in the State of Colorado.

5. The Estate of Marleen Moncada is the estate of Ms. Marleen Moncada and the defendant in this action.

## II.     JURISDICTION AND VENUE

6. Plaintiff incorporates by reference paragraphs 1 through 5 of her Complaint, as if fully set forth herein.

7. Defendant Tesla has substantial contacts with the State of Colorado sufficient to subject itself to the personal jurisdiction of this Court and the other courts in the State of Colorado.

8. This Court has subject matter jurisdiction over this action pursuant to C.R.S. § 13-1-124(1)(A).

9. Venue is proper in this Court pursuant to C.R.C.P. § 98(c)(1) as the Defendant is a nonresident of the State of Colorado and Denver County is the County designated in this Complaint.

## III.    GENERAL ALLEGATIONS

10. Plaintiff incorporates by reference paragraphs 1 through 9 of her Complaint, as if fully set forth herein.

2

11. On April 2, 2021, at approximately 2:41 p.m., Plaintiff was driving a 2016 Toyota Highlander, owned by her friend, Angela McVicker, and heading eastbound on Interstate 70 in Summit County, Colorado.

12. At the same time, Ms. Marleen Moncada, deceased, ("Moncada") was operating a 2016 Freightliner semi-tractor and trailer, owned by Defendant Tesla, and was also heading eastbound on Interstate 70 in Summit County, Colorado.

13. As the Plaintiff and Moncada approached mile marker 210 (approximately 3 miles east of Silverthorne), Plaintiff was traveling in the middle lane (number 2) and Defendant Tesla's semi-tractor and trailer was traveling in the outermost lane (number 3).

14. Without warning, Defendant Tesla's semi-tractor and trailer changed lanes from number 3 to number 2.

15. Despite Plaintiff's best efforts to avoid and/or minimize any collision or impact, Defendant Tesla's trailer collided with the passenger side of the 2016 Toyota Highlander, thus causing significant, permanent, and progressive personal bodily injuries to the Plaintiff, along with other damages.

16. At all times relevant hereto, Moncada, deceased, was acting as an agent and/or employee of Defendant Tesla so as to make Defendant Tesla vicariously liable for the acts, omissions, and commissions of Ms. Marleen Moncada, which were performed within the scope of said agency and/or employment.

**COUNT I:   NEGLIGENCE & VICARIOUS LIABILITY**
*Directed against Defendant Tesla*

17. Plaintiff incorporates by reference paragraphs 1 through 16 of her Complaint, as if fully set forth herein.

18. At all times pertinent hereto, Defendant Tesla owed a duty of reasonable care in the operation of its commercial motor vehicle.

19. This collision and all the resulting damages were a direct result of the negligence and fault of Defendant Tesla including, but not limited to:

   a. Failure to operate a commercial motor vehicle with reasonable care under the circumstances;

   b. Failure to operate a commercial motor vehicle within a safe speed for existing road, weather, and traffic conditions;

   c. Failure to pay proper attention to the conditions and hazards then-existing on the roadway;

   d. Failure to maintain proper control of the commercial motor vehicle;

   e. Failure to safely change lanes with a commercial motor vehicle;

   f. Demonstrating a conscious indifference to public safety.

20. At the time of the collision, the driver of the 2016 Freightliner semi-tractor and trailer, Moncada, acted in the course and scope of her employment with Defendant Tesla so to make Defendant Tesla vicariously liable for her negligent acts and omissions.

21. No act or omission on the part of the Plaintiff caused or contributed to this collision or any of the resulting damages.

22. As a direct and proximate result of Defendant Tesla's negligence, Plaintiff suffered serious personal injuries and other damages which are permanent and progressive in nature.

**COUNT II: NEGLIGENCE PER SE**
*Directed against Defendant Tesla*

23. Plaintiff incorporates by reference paragraphs 1 through 22 of her Complaint, as if fully set forth herein.

24. When Defendant Tesla's driver operated the commercial vehicle described herein, the driver violated several municipal ordinances and Colorado statutes including, but not limited to:

    a. C.R.S. § 42-4-1402, *Careless Driving*; and

    b. C.R.S. § 42-4-702, *Changed Lane when Unsafe*.

25. Plaintiff is a member of the class for whose protection the ordinances and statutes referenced above were enacted.

26. The collision described herein, and the injuries and damages suffered by Plaintiff are the type of injuries and damages sought to be prevented by the passage of the above-mentioned statutes.

27. Defendant Tesla's violations of the above-mentioned ordinances and statutory violations above directly and proximately cause each of Plaintiff's injuries and damages as described more fully below.

**COUNT III: NEGLIGENT HIRING AND SUPERVISION**
*Directed against Defendant Tesla*

28. Plaintiff incorporates by reference paragraphs 1 through 27 of her Complaint, as if fully set forth herein.

29. Defendant Tesla has a duty to exercise reasonable care in the hiring and supervision of its employees, which includes, but is not limited to, an obligation to conduct reasonable investigation into an employee's work experience, background, character, and qualifications.

5

30. Upon information and belief, Defendant Tesla breached its duty to exercise reasonable care in hiring Moncada by not performing an adequate background check, checking her qualifications for the position, performing adequate drug testing, or reviewing necessary knowledge to perform the position.

31. Had Defendant Tesla exercised reasonable care in performing an adequate background and qualifications check on Moncada, this collision would not have occurred.

32. Defendant Tesla breached these duties by *inter alia*:

   a. Failing to monitor Moncada to make sure she was complying with policies and procedures.

   b. Failing to interview and test Moncada to make sure she had read, and was familiar with, understood, and followed the company policies and procedures.

   c. Failing to implement proper policies and procedures for its employees, including Moncada, regarding driver safety and vehicle safety.

   d. Failing to document and make a determination regarding fault in the collision that forms the basis of this Complaint.

   e. Failing to supervise Moncada to ensure that she was keeping the Semi-Truck properly maintained.

   f. Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

33. As a result of Defendant Tesla's negligent hiring of Moncada, Defendant Tesla was negligent in causing the collision and the resulting injuries to Plaintiff.

34. By hiring an employee without the requisite experience to operate a commercial motor vehicle and comply with Department of Transportation and Federal Motor Carrier Safety Regulations, Defendant Tesla breached its duty of care, and such breach constitutes negligence.

35. As the proximate result of Defendant Tesla's negligence, Plaintiff suffered serious personal injuries and other damages which are permanent and progressive in nature.

36. The injuries and damages sustained by Plaintiff, as outlined below, fall squarely within the risk created by Defendant Tesla's negligent hiring and supervision of Moncada.

37. As a direct and proximate result of Defendant Tesla's negligence and carelessness, Plaintiff has suffered and will continue to suffer injuries, including without limitation economic damages, non-economic damages, and damages for physical impairment and disfigurement.

**COUNT IV:  NEGLIGENT TRAINING AND RETENTION**
*Directed against Defendant Tesla*

38. Plaintiff incorporates by reference Plaintiff incorporates by reference paragraphs 1 through 37 of her Complaint, as if fully set forth herein.

39. Defendant Tesla has a duty to exercise reasonable care in the training of its employees, which includes, but is not limited to, an obligation to re-train individuals periodically and/or upon an indication that an employee's actions are inconsistent with previous training.

40. Upon information and belief, Defendant Tesla either failed to provide raining and/or re-training or provided inadequate training and/or re-raining to its driver, Moncada, prior to the subject collision such that she was aware of and/or capable of following Department of Transportation and Federal Motor Carrier Safety Regulations.

41. Upon information and belief, Defendant Tesla breached that duty by improperly training Moncada in the operation of the Semi-Truck by:

7

      a.      Failing to implement, explain and demonstrate Defendant Tesla's safety policies and procedures to Moncada.

      b.      Failing to provide the necessary training to Moncada regarding driving the Semi-Truck, vehicle safety, safety classes, how to properly and safely drive the vehicle, how to properly maintain the vehicle, and in all matters regarding the proper and safe operation of the vehicle.

      c.      Failing to properly train Moncada regarding all aspects of driver safety.

      d.      Failing to provide and/or require regular follow-up driver education and training to Moncada.

      e.      Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

42.    By failing to provide training and/or re-training to driver Moncada, Defendant Tesla breached its duty of reasonable care, and such breach constitutes negligence.

43.    As the proximate result of Defendant Tesla's negligence, Plaintiff suffered serious personal injuries and other damages which are permanent and progressive in nature.

44.    The injuries and damages sustained by Plaintiff, as outlined below, fall squarely within the risk created by Defendant Tesla's negligent training of driver Moncada.

45.    As a direct and proximate result of Defendant Tesla's negligence and carelessness, Plaintiff has suffered and will continue to suffer injuries, including without limitation economic damages, non-economic damages, and damages for physical impairment and disfigurement.

## COUNT V:   *RESPONDEAT SUPERIOR*
*Directed against Defendant Tesla*

46. Plaintiff adopts and incorporates by reference paragraphs 1 through 45 of her Complaint, above, as if fully set forth herein.

47. At all times relevant hereto, Defendant Tesla inspected and maintained the semi-tractor and trailer and its respective logs.

48. At all times relevant hereto, Defendant Tesla inspected and maintained its drivers' respective logs.

49. At all times relevant hereto, Defendant Tesla employed, at a minimum, dispatchers, drivers, and driving instructors.

50. At all times relevant hereto, Defendant Tesla's employees and staff were acting within the scope of their employment.

51. At all times relevant hereto, Defendant Tesla's employees and staff failed to exercise reasonable care and were negligent in the safe operation of a commercial motor vehicle.

52. As a direct result of the negligence and fault of these Defendant Tesla employees and staff, Plaintiff suffered serious personal injuries and other damages which are permanent and progressive in nature.

53. Pursuant to the doctrine of *Respondeat Superior,* Defendant Tesla is vicariously liable for all Plaintiff's damages and losses as a direct and proximate result of the negligence of its employees, including but not limited to dispatchers, drivers, and driving instructors.

54. As a direct and proximate result of Defendant Tesla's negligence and carelessness, Plaintiff has suffered and will continue to suffer injuries, including without limitation economic damages, non-economic damages, and damages for physical impairment and disfigurement.

**COUNT VI: <u>NEGLIGENCE</u>**
*Directed against Defendant Estate of Marleen Moncada*

55. Plaintiff adopts and incorporates by reference paragraphs 1 through 54 of her Complaint, above, as if fully set forth herein.

56. Defendant Estate of Marleen Moncada owed Plaintiff a duty to operate her vehicle in a safe and reasonable manner.

57. Defendant Estate of Marleen Moncada owed Plaintiff a duty to pay attention to traffic conditions on the road and maintain a proper lookout.

58. Defendant Estate of Marleen Moncada breached the duty of care to Plaintiff when she caused the subject collision.

59. Defendant Estate of Marleen Moncada's actions and inactions in causing injuries and damages to Plaintiff were reckless, careless, and negligent.

60. At the time of the collision, Defendant Estate of Marleen Moncada operated her vehicle in violation of numerous applicable statutes, municipal codes, and/or ordinances, including but not limited to C.R.S. § 42-4-1402(1), C.R.S. § 42-4-1402(2)(b).

61. The statutes, municipal codes, and/or ordinances violated by Defendant Estate of Marleen Moncada, including but not limited to C.R.S. § 42-4-1402(1), C.R.S. § 42-4-1402(2)(b), were intended to prevent the type of injuries Plaintiff has suffered as a result of the crash.

62. The statutes, municipal codes, and/or ordinances violated by Defendant Estate of Marleen Moncada, including but not limited to C.R.S. § 42-4-1402(1), C.R.S. § 42-4-1402(2)(b), were intended to ensure the safety of the driving public, including Plaintiff.

63. Defendant Estate of Marleen Moncada violation of applicable statutes, including but not limited to C.R.S. § 42-4-1402(1), C.R.S. § 42-4-1402(2)(b), constitutes negligence per se.

64. As a direct and proximate result of the negligent and unlawful conduct of Defendant Estate of Marleen Moncada, Plaintiff has suffered serious personal injuries and other damages as detailed more fully below.

## DAMAGES

65. Plaintiff adopts and incorporates by reference paragraphs 1 through 52 of her Complaint, above, as if fully set forth herein.

66. As the direct and proximate result of the negligence and fault of Defendant Tesla and Defendant Estate of Marleen Moncada, Plaintiff has been made to sustain and suffer serious personal injuries; she has had to incur medical care and treatment to date; she has had to incur the expenses of the necessary medical care and treatment to date; she will have to receive additional medical care and treatment in the future and sustain the costs associated with the same; she has been made to sustain past and future pain, suffering, and mental anguish; she has sustained permanent disabilities; she has sustained permanent disfigurement and impairment; she has suffered loss of earnings and earning capacity to date and in the future; and she has suffered other damages, all in an amount that is in excess of $75,000.

**WHEREFORE**, Plaintiff, Heidi Schoenberger, requests that Judgment be entered in favor of the Plaintiff and against the Defendants, in an amount sufficient to fairly compensate her for the injuries as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued, or as otherwise permitted under Colorado law, and for such other and further relief as this Court deems just and proper. Plaintiff reserves the right to seek exemplary damages against the Defendants in accordance with C.R.S. 13-21-102(1.5).

Respectfully submitted this 1st day of April, 2024.

**RAMOS LAW**

/s/ *Ross Iakovakis*
Ross S. Iakovakis, #44104
*This pleading was filed electronically pursuant to Rule 121 § 1-26. Original signed pleading is on file in counsel's office.*

Plaintiff' Address:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, Colorado 80260

## REQUEST FOR TRIAL BY JURY

COMES NOW the Plaintiff in the above captioned matter and respectfully requests the Court for a trial by jury on all issues so triable as a matter of right.

**RAMOS LAW**

/s/ *Ross Iakovakis*
Ross S. Iakovakis, #44104
*This pleading was filed electronically pursuant to Rule 121 § 1-26. Original signed pleading is on file in counsel's office.*